UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LINN ENERGY, LLC *et al* | § | CASE NO. 16-60040 (DRJ) |
| | § | |
| DEBTORS | § | CHAPTER 11 |

| | | |
|---|---|---|
| JASON R. SEARCY, CHAPTER 7 | § | |
| TRUSTEE FOR THE BANKRUPTCY | § | |
| ESTATE OF RINCON ISLAND LIMITED | § | |
| LIMITED PARTNERSHIP | § | |
| | § | |
| V. | § | ADV. NO. 18-06009 |
| | § | |
| BERRY PETROLEUM COMPANY, LLC, | § | |
| CALIFORNIA STATE LANDS | § | |
| COMMISSION, SOCORRO CAPITAL, LLC, | § | |
| TORCH OPERATING COMPANY, AND | § | |
| TORCH ENERGY FINANCE FUND | § | |
| LIMITED PARTNERSHIP-I, AND TORCH | § | |
| ENERGY FINANCE COMPANY | § | |

**TORCH FINANCE FUND LIMITED PARTNERSHIP'S ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Torch Finance Fund Limited Partnership ("Torch"), through its undersigned counsel, files this Original Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint"), and respectfully shows the following:

## I.     ADMISSIONS & DENIALS

1.     Torch admits that the parties named in paragraph 1 of the complaint are the parties identified in the caption of the Complaint.  Torch is misidentified both in the caption and in subparagraph v as Torch Energy Finance Fund Limited Partnership I. Torch was renamed Torch Finance Fund Limited Partnership on September 18, 2012, at the direction of the Texas

Secretary of State. Torch lacks sufficient knowledge to attest to the accuracy of the information concerning the other parties.

2.      Torch admits the Court has subject-matter jurisdiction over the proceeding, and Torch consents to the entry of final orders by the Court in this matter.

3.      Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the paragraph 3 of the Complaint.

4.      Torch admits the factual allegations in the first, fourth, fifth and sixth sentences of paragraph 4 of the Complaint. Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the second and third sentences of paragraph 4 of the Complaint.

5.      Torch admits the factual allegations in the first sentence of paragraph 5 of the Complaint. Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 5 of the Complaint.

6.      Paragraph 6 states a legal conclusion to which no response is required.

7.      Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 7 of the Complaint.

8.      Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 8 of the Complaint.

9.      Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 9 of the Complaint.

10.      Torch admits the factual allegations in paragraph 10 of the Complaint.

11.      Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 11 of the Complaint. To the extent paragraph 11 makes a statement of legal conclusion, Torch disputes such legal conclusion.

12.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 12 of the Complaint.

13.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 13 of the Complaint.

14.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 14 of the Complaint.

15.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 15 of the Complaint.

16.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the first sentence of paragraph 16 of the Complaint. Torch admits the factual allegations in the second and third sentences of paragraph 16 of the Complaint. The remainder of paragraph 16 states a legal conclusion to which no response is required.

17.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in paragraph 17 of the Complaint.

18.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the first two sentences of paragraph 18 of the Complaint. The third sentence of paragraph 18 states a legal conclusion to which no response is required.

19.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 19 of the Complaint.

20.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 20 of the Complaint.

21.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 21 of the Complaint.

22.     Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 22 of the Complaint.

23.     The first, fourth, fifth and sixth sentences in paragraph 23 of the Complain state legal conclusions to which no response is required. Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 23 of the Complaint.

24.     Torch admits the factual allegations in the first and third sentences of paragraph 24 of the Complaint. The second and fourth sentences are legal conclusions requiring no response.

25.     Torch admits to the factual allegations in the first sentence of paragraph 25 of the Complaint. To the extent that the second sentence refers to Torch, Torch denies the factual allegations in paragraph 25 of the Complaint. Torch lacks sufficient knowledge to admit or deny the accuracy of the assertions in the remainder of paragraph 25 of the Complaint.

## II.     AFFIRMATIVE DEFENSES

26.     Plaintiff has failed to state a claim upon which relief can be granted.

27.     Plaintiff's claims are barred, in whole or in part, by the failure of a condition or conditions precedent in the contracts.

28.     Plaintiff's claims are barred by the express terms of the contracts.

29.     Torch reserves all affirmative defenses and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## III.     RESERVATION OF RIGHTS

30.     Torch reserves the right to supplement or amend this Answer.

31.     Torch further reserves all rights to join third parties and/or assert cross-claims or counterclaims after there has been discovery in this matter.

## IV.     PRAYER

32.     Defendant Torch Finance Fund Limited Partnership prays that this Court enter Judgment denying all relief requested by Plaintiffs; awarding Torch its legal fees and costs under the applicable Federal and/or State law; and, further requests any other relief the Court deems fair and equitable.

Respectfully submitted,

**WATT THOMPSON FRANK & CARVER LLP**

/s/ Daniel Beiter
Dick Watt
State Bar No. 20977700
Daniel Beiter
State Bar No. 24097361
1800 Pennzoil Place, 18th Floor
711 Louisiana Street Houston, Texas 77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141
dwatt@wattthompson.com
dbeiter@wattthompson.com

**ATTORNEYS FOR DEFENDANT TORCH
FINANCE FUND LIMITED PARTNERSHIP**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the **2nd day** of **November, 2018** through the CM/ECF system.

*/s/ Daniel Beiter*
Daniel Beiter