IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LINN ENERGY, LLC, et al. | § § | CASE NO. 16-60040 (DRJ) |
| | § § | CHAPTER 11 |
| DEBTORS | § § § | |

| | | |
|---|---|---|
| JASON R. SEARCY, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF RINCON ISLAND LIMITED PARNERSHIP | § § § § § | |
| V. | § § | ADV. NO. 18-06009 |
| BERRY PETROLEUM COMPANY, LLC, CALIFORNIA STATE LANDS COMMISSION, SOCORRO CAPITAL, LLC, TORCH OPERATING COMPANY, TORCH ENERGY FINANCE FUND LIMITED PARTNERSHIP-I, AND TORCH ENERGY FINANCE COMPANY | § § § § § § § § § § | |
| **Berry Petroleum Company, LLC**     **Cross-Plaintiff** | § § § § § | |
| **v.** | § § | |
| **California State Lands Commission** | § § | |
| **Cross-Defendant** | § § | |

**CALIFORNIA STATE LANDS COMMISSION'S MOTION TO DISMISS CROSS-CLAIM OF REORGANIZED BERRY PETROLEUM COMPANY, LLC**

The California State Lands Commission (the "**Commission**"), a nominal defendant in the

complaint filed by Plaintiff Jason R. Searcy initiating the above-captioned adversary proceeding

(the "**Complaint**"), by and through its undersigned attorneys, respectfully and timely files this motion to dismiss the cross-claim of Reorganized Berry Petroleum, LLC ("**Reorganized Berry**") [Adv. Proc. Docket No. 23] under Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

## II. The Court Lacks Jurisdiction Because Reorganized Berry's Cross-Claim Is Based on a Legal Nullity—a Withdrawn Proof of Claim.

1. The Court should dismiss Reorganized Berry's cross-claim against the Commission because Reorganized Berry has failed to state a claim upon which relief can be granted and the Court lacks subject matter jurisdiction over the cross-claim.

2. Reorganized Berry's cross-claim is based entirely on a legal nullity—a withdrawn proof of claim. The relief Reorganized Berry seeks relates to a claim that, as a matter of law, is indistinguishable from a claim that was never asserted at all. Essentially, Reorganized Berry is asking the Court to adjudicate an objection to a non-existent claim. Reorganized Berry cites no statutory or case-law authority (presumably because none exists) under which this Court could provide declaratory relief concerning a proof of claim that was withdrawn long before the proceeding seeking relief concerning that claim was filed.

3. It is well settled that a withdrawn claim is a legal nullity. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995). In *Dowden*, the United States Court of Appeals for the Eighth Circuit held that a party to a bankruptcy case that had filed, but then withdrew, a proof of claim against the debtor, had not waived its Seventh Amendment jury-trial right through the filing of the proof of claim because the withdrawal of that claim rendered it a legal nullity.

4. In undertaking its analysis of Rule 3006's language permitting withdrawal of a proof of claim in a bankruptcy case, the court in *Dowden* turned to "analogous provisions of the Federal Rules of Civil Procedure." *Id.* at 942. Explaining that "[c]ourts have traditionally analogized a

creditor's claim to a civil complaint, a trustee's objection to an answer, and an adversarial proceeding to a counterclaim," *Id.* at 943 (citing *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir. 1962)), the court examined cases decided under Rule 41(a) of the Federal Rules of Civil Procedure regarding withdrawals of claims in non-bankruptcy cases. After noting that "Rule 3006 is nearly identical to Fed. R. Civ. P. 41(a), and was, in fact, originally derived from that rule," the Court explained that "[t]he jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim." *Id. See also Brown v. Midland Credit Mgmt. (In re Brown)*, 2015 Bankr. LEXIS 3289 (Bankr. N.D. Ala. September 29, 2015) at *5 ("[T]he withdrawal of the claim means that the claim is a legal nullity and that the underlying bankruptcy case continues in all respects as though the claim were never filed.")

5. Courts interpreting the effect of Rule 41(a) withdrawals have concluded that any order on a matter concerning a withdrawn complaint would be "void for want of jurisdiction." *Safeguard Bus. Systems, Inc. v. Hoeffel*, 907 F.2d 861, 864 (8th Cir. 1990) (citing *In re Piper Aircraft Dist. Systems Antitrust Litig.*, 551 F.2d 213, 220 (8th Cir. 1977) (holding that "[t]he element of finality, essential to the application of collateral estoppel, is plainly lacking in a judgment upon Rule 41(a)(1) dismissal.")).

6. Courts have interpreted Rule 3006 in bankruptcy cases similarly. For example, the United State Bankruptcy Court for the Eastern District of New York explained that "it seems reasonably clear and makes eminent sense that upon the successful withdrawal of a proof of claim pursuant to Bankruptcy Rule 3006, the withdrawn proof of claim is a legal nullity and the parties are left as if the claim has never been filed. . . . Stated otherwise, upon withdrawal of the proof of claim by CSCS, the Proof of Claim is *in toto* nonexistent." *Cruisephone, Inc. v. Cruise Ships Catering & Servs., N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002).

7. In this case, Reorganized Berry seeks a declaratory judgment that "(i) the CSLC claim is barred and forever discharged . . . (ii) the CSLC Claim has been disallowed and expunged against Berry in its entirety; [and] the Berry Debtors have no liability to CSLC in respect of the Claim." Reorganized Berry Cross-Claim [Docket No. 23], at 17. With respect to all three of these claims for relief, Reorganized Berry has failed to state a claim for which relief can be granted because in all three instances, Reorganized Berry is asking the Court to render judgment on a legal nullity, the withdrawn proof of claim.

8. Reorganized Berry acknowledges that on November 16, 2017 the Court entered an order granting the Berry Debtors' and the Commission's agreed motion to withdraw the Commission's proof of claim number 7985. The claims register confirms that the claim was withdrawn. Reorganized Berry admits that the above-captioned adversary proceeding was initiated more than eight months after the Commission withdrew its claim. And Reorganized Berry's assertion of its claim against the Commission with respect to the withdrawn claim was not made until Reorganized Berry filed its answer to the Complaint on October 15, 2018—eleven months after the Court entered the order approving the claim withdrawal.

9. Accepting these facts as true on their face for the purposes of considering this motion to dismiss, the Court can only find that it lacks jurisdiction over Reorganized Berry's cross-claim. There simply is no live dispute between Reorganized Berry and the Commission on which the Court can properly render a binding judgment. The effect of the agreed withdrawal of the Commission's claim in November 2017 is that the parties' respective positions are no different than if the Commission had never filed its claim at all. And it is undeniable that if the Commission had never filed a proof of claim, the Court would lack any jurisdictional basis for adjudicating

such non-asserted claim. As *Dowden* illustrates, the effect of withdrawing a proof of claim renders that claim void, a nullity, as if it had never been filed.

## II. The Court Lacks Jurisdiction Because the Commission Is Immune from Suit by Reorganized Berry Under the Eleventh Amendment of the United States Constitution.

10. The Court also lacks jurisdiction to grant Reorganized Berry the relief it seeks on its cross-claim because the Commission is clothed with the immunity of a state sovereign. Under the Eleventh Amendment of the United States Constitution, Reorganized Berry is barred from suing the State of California in federal court.

11. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

12. As with many rights, a state may waive its Eleventh Amendment right to immunity from suit. The Commission has not waived its sovereign rights in this case. *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999). A state waives its right to sovereign immunity "if the state consents to the jurisdiction of the particular court." *In re Barrett Ref. Corp.*, 221 B.R. 795, 808 (Bankr. W.D. Okla. 1998). Waiver is a voluntary act "made by either invoking federal jurisdiction or by a clear declaration." *McGinty v. New York*, 251 F.3d 84, 92-93 (2nd Cir. 2001); s*ee also In re Serv. Merch. Co.,* 265 B.R. at 922 (noting that "[a] State waives its immunity and consents to suit in a federal court by specific declaration or act . . . ."). Waiver of this immunity must unequivocally express the state's intention to consent to federal jurisdiction. *In re Jackson*, 184 F.3d 1046, 1049 (9th Cir. 1999). A stringent test is applied to determine whether a state has waived its right to claim sovereign immunity. *In re Mitchell*, 209 F.3d 1111, 1117 (9th Cir. 2000);

*see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999).

13. Constructive or "implied" waiver is insufficient to defeat the important right of Eleventh Amendment sovereign immunity. *Id.* at 680 (finding the concept of constructive waiver "ill conceived"); *see also Edelman v. Jordan*, 415 U.S. 651, 673 (U.S. 1974) (noting that "constructive consent is not a doctrine commonly associated with the surrender of constitutional rights . . . ."). However, a state may certainly waive its right "through its affirmative conduct in litigation." *Arecibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 25 (1st Cir. 2001). This type of intentional, active conduct differs from the type of indirect acts the Supreme Court discounted in rejecting the implied waiver theory. For example, "calling upon a federal court's jurisdiction is fundamentally different, for purposes of the Eleventh Amendment, from merely conducting commercial activity." *Id.* at 26.

14. Waiver is "triggered by some affirmative activity of a state," *In re 995 Fifth Ave, Assoc.*, 963 F.2d 503, 507 (2d Cir. 1992). Most commonly, this is done in a bankruptcy case by filing a claim. *See Goldin v. Mont. (In re Pegasus Gold Corp.)*, 275 B.R. 902, 916-17 (Bankr. D. Nev. March 29, 2002) (collecting cases). Undoubtedly, "it is long-established that a state's participation in a bankruptcy proceeding can trigger a waiver of immunity." *In re 995 Fifth Ave. Assoc.,* 963 F.2d at 507.

15. In this case, however, the Commission has not waived its immunity. The Commission enjoys the sovereign immunity of the State of California because the Commission "is vested with all the powers conferred upon heads of departments of the state." Cal. Pub. Res. § 6103. The Commission acts with the authority of and in the name of the State of California. A suit against the Commission is, therefore, a suit against the State for Eleventh Amendment purposes.

16. The Commission has not actively participated in the Berry Petroleum bankruptcy cases, did not vote on the Debtors' plan of reorganization, did not object to the plan of reorganization, and did not timely file a proof of claim before the bar date. As discussed at length above, the late-filed and later withdrawn proof of claim is a legal nullity; as a matter of law it is as if the claim had never been filed. The only meaningful participation the Commission has had in this case has been as a nominal defendant to a post-confirmation adversary proceeding over escrowed funds that are not property of the bankruptcy estate and, now, as a defendant to Reorganized Berry's cross-claim for declarative relief. This is far from the type of intentional, active conduct or unequivocal expression of consent that is required to hold that a state has waived its Eleventh Amendment sovereign immunity from suit.

17. Reorganized Berry has failed to state a claim for which relief can be granted, as it is asking the Court to rule on a legal nullity—the withdrawn proof of claim. Moreover, that same withdrawn proof of claim is the only thing Reorganized Berry could possibly rely on as a basis for asserting that the Commission has waived its immunity from suit. But a legal nullity cannot provide the basis for holding that a state has engaged in "affirmative conduct" giving rise to an express and unequivocal waiver of its constitutionally mandated waiver from private suit in federal court.

For the reasons stated herein, in accordance with Rule 12(b)(1) or (6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the Court should grant this motion to dismiss Reorganized Berry's cross-claim against the Commission for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

Dated: November 5, 2018

Respectfully submitted,

LAW OFFICES OF JUDITH W. ROSS

*/s/ Eric Soderlund*
Judith W. Ross
State Bar No. 21010670
Eric Soderlund
State Bar No. 24037525
**Law Offices of Judith W. Ross**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
judith.ross@judithwross.com
eric.soderlund@judithwross.com

Counsel for California State Lands Commission

# CERIFICATE OF SERVICE

I certify that on November 5, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas

*/s/ Eric Soderlund*
Eric Soderlund