UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| | § | CASE NO. 16-60040 (DRJ) |
| LINN ENERGY, LLC, *et al.*, | § § | CHAPTER 11 |
| DEBTORS. | § | |
| | § § | |
| DIANE G. REED, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF RINCON ISLAND LIMITED LIMITED PARTNERSHIP, | § § § § § | |
| V. | § § | ADV. NO. 18-06009 |
| BERRY PETROLEUM COMPANY, LLC, CALIFORNIA STATE LANDS COMMISSION, SOCORRO CAPITAL, LLC, TORCH OPERATING COMPANY, TORCH ENERGY FINANCE FUND LIMITED PARTNERSHIP-I, AND TORCH ENERGY FINANCE COMPANY. | § § § § § § § § | |

## JOINT PRETRIAL STATEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Diane G. Reed, Chapter 7 Bankruptcy Trustee for Rincon Island Limited Partnership in Case No. 16-33174 pending in the U.S. Bankruptcy Court, Northern District of Texas, Dallas Division (the "Plaintiff" or "Trustee"), Plaintiff in the above styled and numbered proceeding, Defendant (and Cross-Plaintiff) Berry Petroleum Company, LLC ("Berry"), a reorganized Chapter 11 debtor in bankruptcy in the above styled and numbered jointly administered, Defendant (and Cross-Defendant) California State Lands Commission ("CSLC"), a division of the State of California, and Defendant Torch Finance Fund Limited Partnership f/k/a Torch Energy Finance Fund Limited Partnership I ("TEF"), and file this their *Joint Pretrial Statement* and would respectfully state and show as follows:

1

1. **Statement of the Case.** Diane G. Reed, Chapter 7 Bankruptcy Trustee for Rincon Island Limited Partnership in Case No. 16-33174 pending in the U. S. Bankruptcy Court, Northern District of Texas, Dallas Division, seeks a declaratory judgment sufficient to allow release of funds held in escrow by Socorro Capital, LLC ("Socorro") to her for benefit of creditors in the Rincon case. Specifically, Trustee seeks judgment that

> A. California State Lands Commission ("CSLC"), is barred and forever discharged pursuant to applicable law, this Court's Bar Date Order, and the express Terms of the Berry Plan and Confirmation Order from asserting any claim against or receiving any payment from Berry in respect of the Berry CSLC Claim, the CSLC Scheduled Claim, and from any liabilities related to the CSLC RILP Claim (capitalized terms defined below).
>
> B. Berry Petroleum Company, LLC ("Berry") has no claims against Defendants TEF, Torch Operating Company ("TOC"), or Torch Energy Finance Company ("TEFC") arising from a claim by CSLC against Berry as a result of the discharge of the obligations of Berry to CSLC including under the Guaranty (capitalized defined below).
>
> C. As a result of discharge of Berry's obligations, the release by Berry of the Guaranty, and the Release by CSLC of the Limited Guaranty, no basis exists for TOC, TEF, and TEFC to claim any or all of the Escrow Funds held pursuant to the Escrow Agreement (capitalized terms defined below) such that the Escrow Funds held by Socorro pursuant to the Escrow Agreement should be turned over and delivered to the Trustee.

2. **Jurisdiction.**

2

    A.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A, B, L, O). The Parties consent to the entry of final orders by this Court in this proceeding.

3.    **Motions.**  List all pending motions.

    A.    *Diane G. Reed, Chapter 7 Trustee's Motion For Summary and Default Judgment* filed September 18, 2019 [DKT #57].

    B.    *Torch Energy Finance Fund Limited Partnership I's Response in Opposition to Diane G. Reed, Chapter 7 Trustee's Motion For Summary and Default Judgment* filed October 9, 2019 [DKT #58].

4.    **Contentions of Parties**. Plaintiff, Berry, and CSLC have stipulated to the following which they contend disposes of this case:

    A.    CSLC is barred and forever discharged pursuant to applicable law, this Court's Bar Date Order, and the express terms of the Berry Plan and Confirmation Order from asserting any claim against or receiving any payment from Berry in respect of the Berry CSLC Claim, the CSLC Scheduled Claim, and from any liabilities related to the CSLC RILP Claim. For the avoidance of doubt, this bar and discharge in favor of Berry with respect to the Berry CSLC Claim, the CSLC Scheduled Claim, and the CSLC RILP Claim includes any and all claims or causes of action relating to or arising out of the facts and circumstances related to the 1995 Transfer, the Rincon Island Leases, liability for the abandonment and removal, if required, of Rincon Island (PRC 1466), the connecting causeway (PRC 1961) and the Pier (PRC 5868) (each as further described in Plaintiff's Complaint). Berry further has no liability to CSLC in respect of the Berry CSLC Claim, the CSLC Scheduled Claim or the CSLC RILP Claim, as the Berry CSLC Claim, the CSLC Scheduled Claim, and any potential liabilities related to the CSLC RILP Claim,

3

have been disallowed and expunged against Berry in their entirety. CSLC further stipulates to the release of and hereby does release and discharge the Limited Guaranty, and also TOC, TEF, and TEFC from any obligations under the Limited Guaranty.

B. As a result of the discharge of the obligations of Berry to CSLC pursuant to applicable law, this Court's Bar Date Order, and the express terms of the Berry Plan and Confirmation Order, no basis exists under which Berry could conceivably make a claim against TOC, TEF, and TEFC. Berry therefore stipulates to the release of and hereby does release and discharge the Guaranty, and also TOC, TEF, and TEFC from any obligations under the Guaranty.

C. As a result of Berry's release of the Guaranty and CSLC's release of the Limited Guaranty, no basis exists under which TOC, TEF, or TEFC could conceivably make a claim for the Escrow Funds held pursuant to the Escrow Agreement. Furthermore, the conditions or events in the Escrow Agreement which could conceivably trigger release of the Escrow Funds to TOC, TEF, or TEFC cannot and will not occur. The Escrow Funds therefore should be delivered to Diane G. Reed, Chapter 7 Bankruptcy Trustee for Rincon Island Limited Partnership as contemplated in section 3.1 and 3.2(b) of the Escrow Agreement.

TEF contends that these stipulations are not sufficient to trigger release of the Escrow Funds disposing of this case. TEF instead contends that the following release language from CSLC is needed to trigger release of the Escrow Funds and dispose of this case:

> 1. "Release. CSLC, for itself and on behalf of any respective agents, related entities, commissioners, representatives, staff, administrators, beneficiaries, trustees, directors, officers, managers, members,

4

employees, advisors, successors, predecessors, insurers, and assigns (if any), and any and all persons or entities acting by, through, under or in concert with any of them, past, present and future each hereby fully and forever irrevocably and unconditionally release, acquit, discharge and covenant not to sue Torch Operating Company, Torch Energy Finance Company, Torch Finance Fund Limited Partnership (collectively "Torch"), and each of Torch and its parent, subsidiaries, affiliated entities, divisions, predecessors, successors and assigns, and all of their respective past, present and future agents, servants, representatives, employees, officers, directors, shareholders, members, managers, attorneys, insurers, executors, heirs, beneficiaries, administrators, and any and all persons acting by, through, under or in concert with any of them and each of them (collectively, the "Torch Released Parties"), from any and all claims, rights, liabilities, fines, penalties, obligations, demands, debts, costs, actions, causes of actions, suits, damages, expenses, rents, royalties, attorney fees, and compensation of every kind and nature whatsoever, whether arising in contract or tort, including without limitation any relating to fraud, including without limitation fraud in the inducement, that any of them ever had, or now have, whether known or unknown, whether asserted or unasserted, contingent or absolute, anticipated or unanticipated that CSLC has had, now has, or may in the future have against the Torch Released Parties relating to that certain Amendment to State Oil and Gas Leases PRC 145.1, PRC 410.1, PRC 429.1 and PRC 1466.1 and

Right of Way Leases PRC 1961.1 and PRC 5968 Berry Rincon Field effective November 1, 1995 as such leases may have been amended.

2. <u>Specific Waiver of Unknown Claims.</u> In furtherance of the releases set forth above, CSLC acknowledges and waives the benefits of California Civil Code Section 1542 (and all similar ordinances and statutory, regulatory, or judicially created laws or rules of any other jurisdiction), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

5. **Admissions of Fact.** Facts which have been stipulated or otherwise require no proof are as follows:

A. Rincon Island Limited Partnership ("RILP) is a limited partnership formed by Windsor Energy U.S. Corporation ("Windsor"), as general partner, and TEF as limited partner, for the purpose of purchasing certain oil and gas leases located in California and commonly known as "Rincon Island." The leases covered offshore areas owned by the State of California as originally developed by the predecessors to the Atlantic Richfield Company (see Exhibit A) (the "Rincon Island Leases"). The Rincon Island Leases were sold in January 1992, by Atlantic Richfield Company to Berry which transfer was approved by CSLC. In 1995, Berry sold the Rincon Island Leases to RILP which transfer was approved by CSLC with the

6

|     | condition that Berry "will remain jointly and severally liable for the abandonment and removal, if required, of Rincon Island (PRC 1466), the connecting causeway (PRC 1961) and the Pier (PRC 5868) . . . ." (see Exhibit B) (the "1995 Transfer"). |
| --- | --- |
| B.  | As part of the 1995 Transfer from Berry, TOC executed a Guaranty dated November 1, 1995 for the benefit of Berry in an amount up to $1 million to secure any claims made by CSLC against Berry arising from the failure of RILP to meet the obligations it assumed (see Exhibit C) (the "Guaranty"). TOC also executed a second Limited Guaranty dated November 1, 1995 (see Exhibit R) (the "Limited Guaranty") to CSLC in an amount up to $400,000.00 guaranteeing performance by RILP of the obligations it assumed. At the same time Windsor (predecessor in interest of RILP), TEF and TOC entered into an escrow agreement dated October 23, 1995, whereby Windsor deposited funds with Texas Commerce Bank as escrow agent (predecessor in interest of Socorro) to be paid to TOC in the event TOC was required to pay on its Guaranty to Berry (see Exhibit D). The original escrow agreement was amended on November 12, 1996 (see Exhibit E) (as amended the "Escrow Agreement"). |
| C.  | As of October 28, 2002, Windsor assigned all its right, title, and interest in the funds held in escrow to RILP (see Exhibit G). |
| D.  | Socorro subsequently replaced Texas Commerce Bank as escrow agent under the Escrow Agreement and currently acts in that capacity (see Exhibit F). The current balance of funds in the escrow account held by Socorro is approximately $1 million (the "Escrow Funds"). |
| E.  | On May 11, 2016, Berry filed a voluntary petition for relief under Chapter 11 in the above styled and jointly administered bankruptcy case. In its Schedules of |

7

    Assets and Liabilities filed July 11, 2016, Berry listed the claim of the CSLC, which scheduled claim included any and all potential liability of Berry with respect to or arising out of, the 1995 Transfer, the Rincon Island Leases, liability for the abandonment and removal, if required, of Rincon Island (PRC 1466), the connecting causeway (PRC 1961) and the Pier (PRC 5868) (each as further described in Plaintiff's Complaint), as a contingent, unliquidated, and disputed claim (Docket number 552, Schedule E/F Part 2, p. 50/51.) (the "CSLC Scheduled Claim").  Berry's noticing and claims agent, Prime Clerk, referred to the scheduled contingent, unliquidated, and disputed claim of CSLC as "Schedule # 399757" in its publicly available records.  On August 4, 2016, this Court entered in the Berry bankruptcy proceeding an order (the "Bar Date Order"; Docket number 756) setting a deadline of November 7, 2016 for governmental units, such as CSLC, to file proofs of claim, which further stated that any holder of a claim that fails to timely file a proof of claim "shall be barred from asserting such claims against the Debtors and precluded from . . . receiving distributions from the Debtors on account of such claims in these chapter 11 cases."

F. A Bar Date Notice and a proof of claim form was timely served on CSLC by Berry, or its agent, by First Class Mail on or about August 11, 2016.  CSLC was further served with additional notices regarding the pending Berry bankruptcy and related filings with the Court.

G. On January 27, 2017, this Court entered in the Berry bankruptcy proceeding its *Order Confirming (I) Amended Joint Chapter 11 Plan of Reorganization of Linn Energy, LLC and its Debtor Affiliates Other Than Linn Acquisition Company, LLC and Berry Petroleum Company, LLC and (II) Amended Joint Chapter 11 Plan of Reorganization of Linn Acquisition Company, LLC and Berry Petroleum*

8

|   |   |
|---|---|
|   | *Company, LLC* (the "Confirmation Order"; Docket number 1629 in the Berry bankruptcy proceeding and Exhibit S). This Confirmation Order confirmed the plan of reorganization of Berry (the "Berry Plan") which was attached as "exhibit B" to the confirmation order starting at page 206 (See Exhibit S). |
| H. | The Berry Plan expressly disallowed all claims filed by governmental units after November 7, 2016—the deadline set out in the Bar Date Order. |
| I. | The Berry Plan further provided that no proofs of claim could be filed or amended after the "Effective Date" of the Berry Plan without prior authorization by this Court or the Reorganized Berry Debtors: "On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Berry Debtors, and any such new or amended Proof of Claim or Interest Filed that is not so authorized before it is Filed shall be deemed disallowed in full and expunged without any further action." (see Exhibit S, Berry Plan, Art. Id., Art. VII.I (p. 48), page 254 of the Confirmation Order). |
| J. | The Berry Plan additionally provided for the discharge of claims against Berry as follows: "[E]xcept as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release . . . of Claims . . . and Causes of Action of any nature whatsoever . . . against . . . The Berry Debtors or any of their assets . . ., including demands, liabilities, and Causes of Action that arose before the Effective Date . . . whether or not . . . a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code [or] (2) a Claim or Interest based on such debt, right, or Interest is Allowed |

9

pursuant to section 502 of the Bankruptcy Code . . . . The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring." (see Exhibit S, Berry Plan, Art. VIII.B (p. 49), page 255-256 of the Confirmation Order).

K. The Berry Plan further enjoined all "Entities that have held, hold, or may hold claims or interests. . ." from taking any action against Berry or its assets (Art. VIII.G, p. 50-51, Berry Plan, page 257-258 of the Confirmation Order). The Berry Plan defines Claim (See Exhibit S, page 216) and Entity (See Exhibit S, page 217) as those terms are defined in Section 101 of the Bankruptcy Code. The term "Claim" is defined in pertinent part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5). This definition includes but is not limited to the CSLC Scheduled Claim and the Berry CSLC Claim (defined below). The term "Entity" is defined in pertinent part to include a "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15). This definition includes CSLC. (see Exhibit S, Berry Plan, page 216-217 of the Confirmation Order).

L. The Berry Plan became effective on February 28, 2017. See *Notice of Occurrence of the Effective Date* (Dkt. No. 1767 in the Berry Bankruptcy and Exhibit T).

M. Thereafter on March 20, 2017, CSLC filed its proof of claim for the CLSC Scheduled Claim in the Berry bankruptcy proceeding asserting a claim of $50,000,000.00, and also asserting that Berry and others were "formerly parties to certain leases in which the Claimant is the lessor, including State Oil and Gas Lease No. PRC 1466.1 ("Lease No. PRC 1466.1"). Prior operators, of which include the Debtor(s), retain residual abandonment liability for the island and

10

|   |   |
|---|---|
|    | causeway of PRC 1466.1 . . ." (see Exhibit I) (the "Berry CSLC Claim"). Around the same time on April 28, 2017, Atlantic Richfield Company and CSLC entered into a Settlement Agreement and Mutual Releases regarding claims of CSLC for "residual abandonment liability for the island and causeway of PRC 1466.1" (See Exhibit J). Later in July, 2017, CSLC made demand on AIG as surety on the operators bond provided by RILP to CSLC for the failures of RILP to perform obligations under the RILP Leases (See Exhibit K). |
| N. | On or about August 8, 2016, RILP filed its voluntary petition for relief under Chapter 11 in Case No. 16-33174 in the U.S. Bankruptcy Court, Northern District of Texas. Thereafter, Jason R. Searcy was appointed as Chapter 11 Trustee, the case was converted to a case under Chapter 7, and Jason R. Searcy was re-appointed as Chapter 7 Trustee. Diane G. Reed is now the successor chapter 7 Trustee for RILP appointed after the untimely death of Jason R. Searcy. |
| O. | On December 7, 2016, CSLC filed its proof of claim in the RILP bankruptcy proceeding, docketed as proof of claim 10 (see Exhibit H), asserting a claim for $55,000,000.00 for "Abandonment liability of improvements on Creditor's property. Creditor's claim includes estimated abandonment liability for leases PRC 1466, PRC 145, and PRC 410." This claim includes the Berry retained obligation for "abandonment and removal, if required, of Rincon Island (PRC 1466), the connecting causeway (PRC 1961) and the Pier (PRC 5868)". The forgoing is collectively referred to as the "CSLC RILP Claim." |
| P. | On October 13, 2017, Berry filed its *Objection to Proof of Claim Number 7985 Filed by California State Lands Commission Against Berry Petroleum Company, LLC* (Docket number 2427 in the Berry bankruptcy proceeding). On October 25, 2017, Berry and CSLC filed an *Agreed Motion for Entry of Order Withdrawing* |

11

*Proof of Claim Number 7985 Filed by California State Lands Commission Against Berry Petroleum Company, LLC* (Docket number 2471 in the Berry bankruptcy proceeding), and on November 16, 2017, this Court entered its *Order Granting Agreed Motion for Entry of Order Withdrawing Proof of Claim Number 7985 Filed by California State Lands Commission Against Berry Petroleum Company, LLC* (Docket number 2513 in the Berry Bankruptcy Proceeding), and in such order this Court expressly retained jurisdiction to resolve disputes pertaining to such order.

Q.   On December 4, 2017, the court in the RILP bankruptcy proceeding entered its *Order Granting in Part Motion for Order Approving Agreement for Chapter 11 Trustee to Convey Debtors' Leasehold Interests by Quitclaim Deed* granting approval for the Trustee to convey the offshore lease covering Rincon Island to CSLC (see Exhibit L).  On December 11, 2017, the court in the RILP bankruptcy proceeding entered its *Order Granting Motion for Order Approving Agreement for Chapter 11 Trustee to Convey Debtors' Leasehold Interests by Quitclaim Deed with Respect to Shoreside Leases* granting approval for the Trustee to convey the onshore leases related to Rincon Island to CSLC (see Exhibit M).  On or about December 12, 2017, the Trustee executed Lease Quitclaim Deeds conveying the pertinent Rincon Island oil and gas leases from RILP to CSLC (see Exhibits N and O).

R.   On March 12, 2018, Jason R. Searcy, Trustee made demand on Defendants for release and delivery of the Escrow Funds (see Exhibit P).

S.   The Escrow Funds have not been released by Socorro.

T.   Plaintiff filed the above styled and numbered Adversary on August 1, 2018.

U.   Defendant (and Cross-Plaintiff), Berry timely filed its *Answer to Complaint and*

12

*Cross-Claim* (Dkt. No. 23).

V. Defendant (and Cross-Defendant), CSLC timely filed its *Answer to Complaint* (Dkt. No. 21). CSLC also filed its *Motion to Dismiss Cross-Claim of Reorganized Berry Petroleum Company, LLC* (Dkt. No. 31) which was denied by the Court for the reasons stated on the record and as set forth in that certain *Order* (Dkt. No. 41).

W. Defendant, Socorro filed its *Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)(6)* (Dkt. No. 17) which was resolved by the Court as set forth more fully in that certain *Order Granting Dismissal as to Socorro Capital, LLC* (Dkt. No. 18) (the "Socorro Order") which dismissed Socorro from further participation in the above-captioned adversary proceeding while simultaneously requiring Socorro to "comply with final orders or the judgment of this Court relating to such complaint."

X. Defendant, Torch Finance Fund Limited Partnership filed its *Original Answer and Affirmative Defenses to Plaintiff's Complaint* (Dkt. No. 29).

Y. Defendant, Torch Operating Company was properly served with summons by waiver of formal service pursuant to Federal Rule of Civil Procedure 4(d) through its representative, Roland E. Sledge, 1300 Main, Ste. 1520, Houston, Texas 77002. TOC has failed to timely answer or otherwise respond, and Plaintiff has filed its Request for Entry of Clerk's Default (Dkt. No. 26).

Z. Defendant, Torch Energy Finance Company ("TEFC") was properly served with summons herein by waiver of formal service pursuant to Federal Rule of Civil Procedure 4(d) through its representative, Roland E. Sledge, 1300 Main, Ste. 1520, Houston, Texas 77002. TEFC has failed to timely answer or otherwise respond, and Plaintiff has filed its Request for Entry of Clerk's Default (Dkt. No.

27).

6.  **Contested Issues of Fact.**  List all facts in controversy that are necessary to the final disposition of this case.

    A.   Should Escrow Funds be released to Trustee?  (*contested only by TEF*)

7.  **Agreed Applicable Propositions of Law.**

    A.   CSLC is barred and forever discharged pursuant to applicable law, this Court's Bar Date Order, and the express terms of the Berry Plan and Confirmation Order from asserting any claim against or receiving any payment from Berry in respect of the Berry CSLC Claim, the CSLC Scheduled Claim, and from any liabilities related to the CSLC RILP Claim.  For the avoidance of doubt, this bar and discharge in favor of Berry with respect to the Berry CSLC Claim, the CSLC Scheduled Claim, and the CSLC RILP Claim includes any and all claims or causes of action relating to or arising out of the facts and circumstances related to the 1995 Transfer, the Rincon Island Leases, liability for the abandonment and removal, if required, of Rincon Island (PRC 1466), the connecting causeway (PRC 1961) and the Pier (PRC 5868) (each as further described in Plaintiff's Complaint).  Berry further has no liability to CSLC in respect of the Berry CSLC Claim, the CSLC Scheduled Claim or the CSLC RILP Claim, as the Berry CSLC Claim, the CSLC Scheduled Claim, and any potential liabilities related to the CSLC RILP Claim, have been disallowed and expunged against Berry in their entirety.

    B.   CSLC has stipulated to the release of and does release and discharge the Limited Guaranty, and also TOC, TEF, and TEFC from any obligations under the Limited Guaranty.

    C.   As a result of the discharge of the obligations of Berry to CSLC pursuant to applicable law, this Court's Bar Date Order, and the express terms of the Berry

14

    Plan and Confirmation Order, no basis exists under which Berry could conceivably make a claim against TOC, TEF, and TEFC. Berry therefore has stipulated to the release of and does release and discharge the Guaranty, and also TOC, TEF, and TEFC from any obligations under the Guaranty.

    D.    (*Agreed by Trustee, CSLC, and Berry; not by TEF*) As a result of Berry's release of the Guaranty and CSLC's release of the Limited Guaranty, no basis exists under which TOC, TEF, or TEFC could conceivably make a claim for the Escrow Funds held pursuant to the Escrow Agreement. Furthermore, the conditions or events in the Escrow Agreement which could conceivably trigger release of the Escrow Funds to TOC, TEF, or TEFC cannot and will not occur. The Escrow Funds therefore should be delivered to Diane G. Reed, Chapter 7 Bankruptcy Trustee for Rincon Island Limited Partnership as contemplated in section

    E.    This action seeks declaratory judgment relief against the Defendants pursuant to 28 U.S.C. § 2201 and §2202; Rule 57, Federal Rules of Civil Procedure; and Rule 7001, Fed. R. Bankr. Proc.

8.    **Contested Issue of Law.**

    A.    Which section of the escrow agreement controls release of Escrow Funds to Trustee? (*contested only by TEF*)

        i.    TEF contends that Section 3.1 of the Original Escrow Agreement (Exhibit D) when read together with the Amendment to the Escrow Agreement (Exhibit E) governs release of the Escrow Funds. TEF further contends that both TOC and TEF must be satisfied that any liability they have now or in the future have been fully and finally released. The first

15

sentence of Section 3.1 of the Original Escrow Agreement reads as follows:

"3.1 <u>Duration of Escrow</u>. Escrow Agent, unless otherwise instructed by joint written instructions from Torch and TOC, shall deliver the Escrow Funds in accordance with section 3.2 below and hold any remaining Escrow Funds until the date ("Termination Date") upon which Escrow Agent receives written notice from Torch and TOC that the Work has been completed in accordance with the Purchase Contract, the Partnership Agreement, the Operating Agreement and all applicable laws and that neither Buyer, Torch nor TOC has any accrued or contingent liability for any Costs."

ii. Trustee contends that Sections 3.1 and 3.2 of the Amendment to Escrow Agreement (Exhibit E) govern release of the escrow funds and state as follows:

"3.1 <u>Duration of Escrow</u>.  Escrow Agent, unless otherwise instructed by joint written instructions from Torch [TEF] and TOC, shall deliver the Escrow Funds in accordance with section 3.2 below and hold the remaining Escrow Funds until the date ("Termination Date") upon which Escrow Agent receives written notice from Torch [TEF] and TOC that the TOC Seller Guaranty [Guaranty] has been released and neither Torch [TEF] nor TOC have any further obligations thereunder."

"3.2   <u>Delivery of the Escrow Funds</u>.  Escrow Agent shall deliver the Escrow Funds as follows:

(a)  If and when TOC has to make any payments under the TOC Seller Guaranty, as certified by an officer of TOC to all parties hereto, Escrow Agent shall deliver to TOC the amount so paid within 5 Business Days of receipt of TOC's certificate.

(b)  Escrow Agent shall deliver the remaining Escrow Funds, if any, on the Termination Date to Windsor.

(c)  Into the registry of the court in accordance with sections 5.3 and 5.7 hereof."

9. **Exhibits.**

A. State Oil and Gas Lease Assignment dated January, 1992

B. State Oil and Gas Lease Assignment dated September, 1995

16

C. Guaranty of Torch Operating Company dated November 1, 1995

D. Escrow Agreement dated October 23, 1995

E. First Amendment to Escrow Agreement dated November 12, 1996

F. Appointment of Successor Escrow Agent dated April 27, 2015

G. Assignment from Windsor to Rincon Island Limited Partnership dated October 28, 2002

H. Proof of Claim 10 in the Rincon Island Limited Partnership bankruptcy case filed by the California State Lands Commission and dated December 7, 2016

I. Proof of Claim filed by the California State Lands Commission and dated March 17, 2017 in the Berry Petroleum Company, LLC bankruptcy case

J. Settlement Agreement and Mutual Releases dated April 28, 2017

K. Notice of Tender letter dated July 24, 2017

L. *Order Granting in Part Motion for Order Approving Agreement for Chapter 11 Trustee to Convey Debtors' Leasehold Interests by Quitclaim Deed* signed December 4, 2017 entered in the Rincon Island Limited Partnership bankruptcy case

M. *Order Granting in Part Motion for Order Approving Agreement for Chapter 11 Trustee to Convey Debtors' Leasehold Interests by Quitclaim Deed With Respect to Shoreside Leases* signed December 11, 2017 entered in the Rincon Island Limited Partnership bankruptcy case

N. Lease Quitclaim Deed signed December 12, 2017

O. Lease Quitclaim Deed signed December 12, 2017

P. Demand Letter dated March 12, 2018

Q. *Stipulation* between Plaintiff Diane G. Reed, Trustee, Defendant (and Cross-Plaintiff) Berry Petroleum Company, LLC, and Defendant (and Cross-Defendant) California State Lands Commission

R. Limited Guaranty of Torch Operating Company dated November 1, 1995

S. *Order Confirming (I) Amended Joint Chapter 11 Plan Of Reorganization Of Linn Energy, LLC And Its Debtor Affiliates Other Than Linn Acquisition Company, LLC And Berry Petroleum Company, LLC And (II)*

        *Amended Joint Chapter 11 Plan Of Reorganization Of Linn Acquisition Company, LLC And Berry Petroleum Company, LLC (Docket No 1629)* entered in the Berry Bankruptcy.

    T.    Notice of Effective Date of Berry Plan

10. **Witnesses.**

    A.    Trustee
        i.    Diane G. Reed
        ii.    Any witnesses designated or called by any other party.
    B.    CSLC
        i.    Any witnesses designated or called by any other party.
    C.    Berry
        i.    Any witnesses designated or called by any other party.
    D.    TEF
        i.    Any witnesses designated or called by any other party.

11. **Settlement.**

    A.    CSLC, Berry, and Trustee have disposed of all issues necessary to resolve this case as set forth more fully in Exhibit Q, the *Stipulation* between Plaintiff Diane G. Reed, Trustee, Defendant (and Cross-Plaintiff) Berry Petroleum Company, LLC, and Defendant (and Cross-Defendant) California State Lands Commission.

    B.    Trustee has engaged in settlement discussions with counsel for TEF in an effort to obtain their consent to the agreement reached between CSLC, Berry, and Trustee. To date those discussions have been unsuccessful.

    C.    No mediation was conducted in this case because an agreement in principal was reached between Trustee, Berry, and CSLC, while TEF was in the process of engaging new counsel. See *Status Report* filed July 18, 2019 [Dkt. 54]. Trustee has since engaged in settlement discussions with new counsel for TEF. It is TEF's position that Trustee has refused to mediate the outstanding issues with

TEF and that TEF remains ready and willing to engage in mediation as contemplated by the *Scheduling Order* [Dkt. 51].

12. **Estimated Trial Time.**

A. All parties view remaining issues as being primarily legal argument pertaining to the breadth of the stipulated releases. TEF believes an hour of legal argument is sufficient. Trustee does not disagree with a one hour time estimate for legal argument.

B. If this case is not disposed of on summary judgment, then it is estimated a trial hearing should not exceed approximately 4 to 8 hours.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Berry, CSLC, and TEF make this their Joint Pretrial Statement.

DATED: October 21, 2019.

*SEARCY & SEARCY, P.C.*

*/s/ Joshua P. Searcy*
JOSHUA P. SEARCY
State Bar No. 24053468
P. O. Box 3929
Longview, TX 75606
903/757-3399 TEL
903/757-9559 FAX
ATTORNEYS FOR TRUSTEE

And

*NORTON ROSE FULBRIGHT US LLP*

By: */s/ William R. Greendyke*
William R. Greendyke (SBT 08390450)
Jason Boland (SBT 24040542)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
COUNSEL FOR BERRY

19

And

*LAW OFFICES OF JUDITH W. ROSS*

/s/ *Eric Soderlund*
Judith W. Ross (SBT 21010670)
Eric Soderlund (SBT 24037525)
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: (214) 377-7879
Facsimile: (214) 377-9409
COUNSEL FOR CALIFORNIA STATE LANDS COMMISSION

And

*HIRSCH & WESTHEIMER, P.C.*

*/s/ Michael J. Durrschmidt*
Michael J. Durrschmidt
Texas Bar No. 06287650
Victoria N. Argeroplos
Texas Bar No. 24105799
1415 Louisiana, Floor 36
Houston, Texas 77002
Telephone: 713-220-9165
Facsimile: 713-223-9319
E-mail: mdurrschmidt@hirschwest.com
E-mail: vargeroplos@hirschwest.com
COUNSEL FOR TORCH FINANCE FUND LIMITED PARTNERSHIP